UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN A. BENNETT,

                              Plaintiff,

        -against-

NICOLE R. HALL/INTERNAL REVENUE
SERVICE,

                              Defendant.

7:23-CV-6006 (CS)

ORDER TO AMEND

CATHY SEIBEL, United States District Judge:

        Plaintiff Kathleen A. Bennett, of Yonkers, New York, brings this *pro se* action under the

Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990

("ADA"), and the New York State and City Human Rights Laws. She sues "Nicole R.

Hall/Internal Revenue Service," which the Court understands to be Nicole R. Hall, apparently

her manager or supervisor at her employer, the Internal Revenue Service ("IRS"). Plaintiff seeks

backpay, and asks the Court to order her employer, the IRS, to reasonably accommodate her

disability, allow her to participate in "telework from home 5 days per week," and to transfer Hall

away from her such that Hall would not have "access to [her] Seta Time keeping. . . ." (ECF 1, at

6.) Plaintiff also seems to seek restoration of her debited annual and sick leave, the expungement

of any mention of her being absent without leave from her employment record, as well as the

expungement of any other reprimand that has been posted in her employment record. (*Id.*)

Because Plaintiff alleges that she is a federal employee, and because she appears to assert claims

of disability and age discrimination, as well as claims of retaliation, the Court construes

Plaintiff's claims under federal law as brought under the Rehabilitation Act of 1973[1] and the Age Discrimination in Employment Act of 1967.

The Court notes that Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

While the law allows for dismissal on these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which

---

[1] *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("[A] federal employee . . . has no remedy for employment discrimination under the ADA. [Her] sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere." (citing 42 U.S.C. § 12111(5)(B))).

requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires that a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff appears to allege that she is an employee of the IRS who normally works at an IRS office located in New York, New York. She asserts that she is "qualified to [t]elework from home." (ECF 1, at 5.) Plaintiff further alleges that her manager or supervisor, who appears to be Defendant Hall, reprimanded her from being absent without leave, though Plaintiff had been teleworking from home and "despite [Plaintiff's] disability to stay on [her] feet, . . . [and her physician's] notifications and RA [s]pecialists['] indications [*sic*]." (*Id.*) She alleges that "[e]veryone else in the department [has been] able to [t]elework from home." (*Id.*) Plaintiff also alleges that her manager or supervisor "is retaliating because of a previous claim filed with the [Equal Employment Opportunity ("EEO") officer] against her." (*Id.*) She further asserts that her manager's or supervisor's actions constitute "a violation [of the] Teleworking Agreement of 2010 [and] a violation of the ADA. . . ." (*Id.*) Plaintiff states that, during one week, her manager or

supervisor "deducted $1,054.00 from [her] salary[,] [then] deducted another $1,503" during the next week. (*Id.*) She also states that, for the week thereafter, she was not paid at all. (*Id.*) Plaintiff further states that her pay was reduced, and was ultimately suspended, "because of age and disability." (*Id.*)

## DISCUSSION

### A.    New York State and City Human Rights Laws

Because Plaintiff asserts claims of discrimination and retaliation arising from her federal employment with the IRS, the Court must dismiss her claims under the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). Relief under the NYSHRL and the NYCHRL, which are state and municipal statutes, respectively, is unavailable to persons asserting claims of discrimination and retaliation arising from federal employment. *See, e.g.*, *Rivera*, 157 F.3d at 105; *Williams v. Soc. Sec. Admin.*, No. 23-CV-2348, 2023 WL 3728375, *5 (S.D.N.Y. May 30, 2023); *Song v. Becerra*, No. 22-CV-9678, 2022 WL 17618485, at *1 (S.D.N.Y. Dec. 13, 2022); *Perkins v. United States Dep't of the Treasury*, No. 18-CV-8911, 2022 WL 19772, at *16 (S.D.N.Y. Jan. 3, 2022); *Malloy v. Pompeo*, Nos. 18-CV-4756, 19-CV-6533, 2020 WL 5603793, at *9 (S.D.N.Y. Sept. 18, 2020). Accordingly, the Court dismisses Plaintiff's claims under the NYSHRL and NYCHRL for failure to state a claim on which relief may be granted.

### B.    Proper defendant

The Court must dismiss Plaintiff's claims under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act of 1967 ("ADEA") against Defendant Hall. These statutes do not provide for claims of discrimination or retaliation against individual employees. *See Williams*, 2023 WL 3728375, at *5; *Shaw v. USPS*, No. 09-CV-6617, 2010 WL 3749233, at *13 (S.D.N.Y. Aug. 16, 2010), *report & recommendation adopted*, 2010 WL 3767115 (S.D.N.Y.

Sept. 27, 2010). The Court therefore dismisses these claims against Defendant Hall for failure to state a claim on which relief may be granted.

The proper defendant for such claims, when they arise from federal employment, is the head of the relevant federal agency. *See* 42 U.S.C. § 2000e-16(c) (Title VII of the Civil Rights Act of 1964 ("Title VII")); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act adopts Title VII's remedial and procedural scheme); *Williams*, 2023 WL 3728375, at *5; *Shaw*, 2010 WL 3749233, at *13; *Torres v. United States Dep't of Veterans Affairs*, No. 02-CV-9601, 2004 WL 691237, at *2 (S.D.N.Y. Mar. 31, 2004) (holding, in the federal-employee context, that "[e]mployees, including supervisors, are not subject to suit under . . . the Rehabilitation Act or the ADEA"); *see also Thomas v. Dep't of Veterans Affairs*, No. 05-CV-5348, 2006 WL 1636738, at *6 (S.D.N.Y. Apr. 3, 2006) ("Although the ADEA does not expressly designate who the proper defendants are in an ADEA action, and neither the Supreme Court nor the Second Circuit have addressed the issue, the weight of authority holds that the head of the federal agency is the only proper defendant.") (citation omitted), *report & recommendation adopted*, 2006 WL 1594481 (S.D.N.Y. June 6, 2006). The Court therefore grants Plaintiff leave to file an amended complaint in which she names the head of the IRS, IRS Commissioner Danny Werfel, as the sole defendant in this action.

## C.    Claims of disability discrimination and age discrimination

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, "prohibits discrimination on the basis of disability in employment decisions by the Federal Government." *Lane v. Pena*, 518 U.S. 187, 193 (1996); *see also Rivera*, 157 F.3d at 104-05 ("Congress explicitly made Title VII remedies available for violations of [S]ection 501 [of the Rehabilitation Act] . . . to obtain relief for . . . discrimination against a federal employee."). The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd*

*Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)); *see* 29 U.S.C. § 633a(a).

To state a claim of failure to provide a disability accommodation under the Rehabilitation Act, which the Court understands Plaintiff's complaint as asserting, a plaintiff must allege facts showing that: "(1) [the plaintiff] is a person with a disability under the meaning of [the Rehabilitation Act]; (2) an employer covered by the statute had notice of [the plaintiff's] disability; (3) with reasonable accommodation, [the] plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019) (internal quotation marks and citation omitted, first alteration in original). For a claim under the ADEA, a plaintiff must allege facts indicating that her age was the but-for cause of the employer's adverse employment action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Plaintiff's complaint does not provide facts sufficient to state a claim of discrimination under the Rehabilitation Act or under the ADEA. With respect to Plaintiff's claims under the Rehabilitation Act, it is unclear whether Plaintiff suffers from a disability as defined for the purpose of that statute; Plaintiff merely alleges that she is "qualified to [t]elework from home" and that she has a "disability to stay on [her] feet." [2] (ECF 1, at 5.) She also does not allege facts showing that she ever notified her employer, the IRS, which appears to be covered by the

---

[2] For the purpose of claims of employment discrimination under the Rehabilitation Act, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 U.S.C. § 705(20)(B) (incorporating by reference the definition of "disability" in 42 U.S.C. § 12102(1) for claims of employment discrimination brought under the Rehabilitation Act).

Rehabilitation Act, of her disability; she only states that her manager or supervisor reprimanded her for being absent without leave, though she teleworked from home because of her disability and "d[e]spite [her physicians'] notifications and RA [s]pecialist['s] indications [*sic*]." (*Id.*) Plaintiff further does not show in her complaint that with a reasonable accommodation (in this case, teleworking from home), she can perform the essential functions of her position. Finally, it is not entirely clear that her employer has refused to allow her such an accommodation for her disability.

As to her claims of age discrimination under the ADEA, Plaintiff does not show that, at the time of the alleged discrimination, she was 40 years of age or older. She also does not allege facts showing that, but for her age, her employer would not have discriminated against her.

For all of these reasons, Plaintiff fails to state a claim on which relief may be granted as to her claims of disability discrimination under the Rehabilitation Act and as to her claims of age discrimination under the ADEA. In light of her *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts sufficient to state claims of discrimination under these statutes.

### D.   Claims of retaliation

Under ADEA's antiretaliation provision:

> [i]t shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d). The Rehabilitation Act incorporates by reference the ADA's antiretaliation provision, which provides that "[n]o person shall discriminate against any individual because

7

such individual has opposed any act or practice made unlawful [under the Rehabilitation Act] or

because such individual made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under [the Rehabilitation Act]." 42 U.S.C. § 12203(a)

(ADA); *see* 29 U.S.C. § 794(d) (Rehabilitation Act).

To state a claim of retaliation under the ADEA, a plaintiff must allege facts showing that:

"(1) [the] defendant[] discriminated – or took an adverse employment action – against [her],

(2) 'because' [s]he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90

(quoting 42 U.S.C. § 2000e-3(a), discussion in the Title VII context); *Kopchik v. Town of*

*Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at

90-91, discussion in the ADEA context). "[F]or an adverse retaliatory action to be 'because' a

plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the

retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation

was a 'substantial' or 'motivating' factor in the employer's decision." *Vega*, 801 F.3d at 90-91

(internal quotation marks and citations omitted). To state a claim of retaliation under the

Rehabilitation Act, a plaintiff must show that: "(i) [the] plaintiff was engaged in protected

activity; (ii) the alleged retaliator knew that [the] plaintiff was involved in protected activity;

(iii) an adverse decision or course of action was taken against [the] plaintiff; and (iv) a causal

connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at

353 (internal quotation marks and citation omitted). Such a causal connection may be shown

either: "(1) indirectly, by showing that the protected activity was followed closely by

discriminatory treatment, or through other circumstantial evidence such as disparate treatment of

fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory

animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation omitted).

With respect to her claims of retaliation brought under the ADEA, Plaintiff does not allege facts sufficient to show that she suffered an adverse employment action because she opposed an unlawful employment practice. Plaintiff refers to a previous administrative claim filed against her manager or supervisor with the EEO officer, which could show opposition to an unlawful employment practice. But she does not allege whether she or someone else filed it, when it was filed, why it was filed, or when she suffered discriminatory treatment. Even assuming all these factors are present, she does not allege facts showing that but for her filing the administrative claim, her employer would not have taken any adverse employment action against her. As to her claims of retaliation under the Rehabilitation Act, Plaintiff does not allege facts sufficient to show that there was a causal connection between any protected activity she performed against her manager or supervisor (as stated above, it is unclear whether she or someone else previously filed an administrative claim against her manager or supervisor with the EEO officer and, if she did, when and under what circumstances she filed it) and any adverse employment action that she suffered because of it. Thus, Plaintiff fails to state a claim on which relief may be granted as to her claims of retaliation under the ADEA and the Rehabilitation Act. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts sufficient to state a claim of retaliation under the ADEA or the Rehabilitation Act.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of discrimination or retaliation under either the Rehabilitation Act or the ADEA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail such claims.

Plaintiff is granted leave to amend her complaint to name the proper defendant, the Commissioner of the IRS, Danny Werfel, and to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. The Court strongly encourages Plaintiff to attach to her amended complaint a copy of any administrative decision she has received, either from the IRS or from the United States Equal Employment Opportunity Commission (EEOC), with regard to the administrative claim she alleges she filed on or about June 26, 2023.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 7:23-CV-6006 (CS). An amended complaint for employment discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted.

The Clerk of Court is respectfully directed to separately docket and effectuate the Consent to Electronic Service found at page 9 of ECF No. 1.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

11

Dated:   August 3, 2023
         White Plains, New York

_____
                CATHY SEIBEL
        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-


_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes     ☐ No

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

## I.     PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial            Last Name

Street Address

County, City                                    State                     Zip Code

Telephone Number                        Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                    State                     Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                    State                     Zip Code

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State            Zip Code

## II.     PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State            Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐   race: _____

   ☐   color: _____

   ☐   religion: _____

   ☐   sex: _____

   ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☐  did not promote me

- ☐  did not accommodate my disability

- ☐  provided me with terms and conditions of employment different from those of similar employees

- ☐  retaliated against me

- ☐  harassed me or created a hostile work environment

- ☐  other (specify): _____

  _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.     ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____

Address                    City                    State                    Zip Code

_____

Telephone Number                    E-mail Address

_____

Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007