UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN A. BENNETT,

                Plaintiff,

-against-

NICOLE R. HALL and DANNY WERFEL,

                Defendants.

23-CV-6006-CS

ORDER OF SERVICE

Cathy Seibel, United States District Judge:

    Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.

    On August 3, 2023, I issued an Order to Amend, directing Plaintiff to file an Amended Complaint that, among other things, named IRS Commissioner Danny Werfel as the sole defendant in the action. *See* ECF No. 3 ("August 3 Order") at 4-5. On August 16, 2023, Plaintiff filed an Amended Complaint. *See* ECF No. 6. Plaintiff, however, did not name Werfel as the sole defendant. Instead, the Amended Complaint also names her immediate supervisor, Nicole R. Hall, as a defendant. *See id.* at 1-2.

    But as I explained in the August 3 Order, Plaintiff's claims under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act of 1967 ("ADEA") cannot be maintained against Defendant Hall as those statutes do not provide for claims of discrimination or retaliation against individual employees. *See* ECF No. 3 at 4-5. Accordingly, the Court dismisses Plaintiff's claims against Defendant Hall *sua sponte* for failure to state a claim on which relief may be granted. *See Williams v. Social Security Administration*, No. 23-CV-2348, 2023 WL 3728375, at *5 (S.D.N.Y. May 30, 2023) (noting that the Rehabilitation Act and the ADEA "do[] not provide for claims against individual employees" and collecting cases); *Lin v. UT Freight Serv. (USA) Ltd.*, No. 18-CV-7042, 2022 WL 767863, at *4 (E.D.N.Y. Mar. 14, 2022)

("[I]t is well established that the ADEA does not provide for individual liability.  Accordingly, Plaintiff's ADEA claims against individual Defendants . . . are dismissed *sua sponte*.").[1]

The Clerk of Court is therefore directed to terminate Hall as a defendant.  Additionally, the Clerk of Court is directed to issue a summons as to Defendant Werfel.  Plaintiff is directed to serve the summons and her Amended Complaint on Defendant Werfel within 90 days of the issuance of the summons.[2]  If within those 90 days, Plaintiff has not either served Defendant Werfel or requested an extension of time to do so, the Court may dismiss the claims against Defendant Werfel under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**SO ORDERED.**

Dated:   August 17, 2023
         White Plains, New York

*Cathy Seibel*

_____
CATHY SEIBEL
United States District Judge

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the complaint because she had not paid the filing fee.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.